UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA MARTINEZ,

    Plaintiff,

v.                              CASE No. 8:08-CV-1134-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

### I.

The plaintiff, who was fifty years old at the time of the administrative hearing and who has the equivalent of a high school education

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

(Tr. 264), has worked at various jobs, including press welder, waitress, housekeeper, security guard, and janitor (Tr. 265-70). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to various ailments and pain (Tr. 76). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "obesity with non-insulin dependent diabetes mellitus with neuropathy; hypertension without end organ damage; mild to moderate degenerative disc disease of the lumbar spine with thoracic spine spondylosis; and somatoform disorder by resolution of reasonable doubt in the claimant's favor" (Tr. 19). The law judge determined that, despite these impairments, the plaintiff has the following residual functional capacity (Tr. 22):

> [L]ift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; and sit (with normal breaks) for a total of about six hours in an eight-hour workday. Also, because of moderate limitation in concentration, persistence and/or pace for an extended period of time, she has the ability to follow instructions but not complex

> instructions or complex tasks; she would likely have some difficulty functioning in high demand situations like, for example, those requiring complex, independent judgment decisions and having full responsibility for the work performed by a group of co-workers, and would have some difficulty accomplishing more than detailed tasks or involving frequent and detailed changes in the work setting.

The law judge found that these limitations prevented the plaintiff from performing past work (Tr. 25). However, based upon the testimony of a vocational expert, the law judge concluded that the plaintiff could perform other work that exists in significant numbers in the national economy, such as produce sorter, small products assembler, and merchandise marker (Tr. 27). The law judge therefore decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last

for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is

not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(e), 416.920(e). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2.

III.

The plaintiff contends, first, that the law judge's decision to give great weight to one consultative examiner over two other consultative

examiners constituted error (Doc. 16, pp. 7-11). The plaintiff was examined by two medical doctors, one of whom said the plaintiff was disabled, and one of whom opined that the plaintiff could engage in some employment. The law judge appropriately exercised his responsibility to weigh conflicting evidence by explaining why he accepted the opinion that the plaintiff was not disabled. The law judge also considered, and rejected as outside the area of a psychologist's expertise, the opinion of an examining psychologist that, "[b]ased on [the plaintiff's] multiple physical problems, she would have difficulty sustaining in a work environment" (Tr. 169). The law judge's weighing of this evidence was reasonable, adequately explained, and supported by substantial evidence. Accordingly, his determination should not be overturned.

On September 7, 2005, the plaintiff was examined for the only time by Dr. David Paff, a medical doctor, who opined that the plaintiff "is disabled" (Tr. 137). The law judge gave that opinion minimal weight, explaining (Tr. 24):

> [Dr. Paff] does not have a treating relationship and saw claimant only once ... the opinion is not supported by the physician's own findings or the

> minimal laboratory abnormalities he noted that date. Dr. Paff's only explanation for the opinion was a summary of claimant's diagnoses, but the physician did not explain specific work-related limitations because of the medical impairments objectively shown.

This explanation provided an adequate basis for discounting the opinion of Dr. Paff. Not only was Dr. Paff not a treating physician, but his opinion was conclusory. This latter circumstance alone would justify discounting the opinion, even if Dr. Paff had been a treating physician. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Dr. Paff, in particular, did not identify any specific functional limitations.

Moreover, the law judge was clearly correct in stating that the opinion was not supported by the doctor's own findings upon examination of the plaintiff. The record shows that Dr. Paff's examination revealed that the plaintiff walked normally, was able to squat, had a full range of motion, and had no obvious signs of arthritis (Tr. 136). Further, the laboratory test results were fairly normal and included a normal blood count and a normal sodium level (id.). These findings are not consistent with Dr. Paff's final opinion that the plaintiff is completely disabled.

In addition, there was a medical opinion to the contrary. On May 15, 2006, the plaintiff was examined by Dr. Edwin Lamm. Dr. Lamm opined that the plaintiff "has no evidence of physical limitations that would prevent her from returning to some employment" (Tr. 172). The law judge gave great weight to Dr. Lamm's opinion because "his opinion is well-supported by objective clinical findings on examination and the medical evidence of record as a whole" (Tr. 25). Dr. Lamm's examination revealed normal conditions of the lungs, chest, neck, heart, musculoskeletal system, and a normal range of motion of the cervical and lumbar spine and upper and lower extremities, as well as normal motor strength (Tr. 171). Thus, Dr. Lamm's medical findings do support his opinion that the claimant is capable of doing some work and, therefore, contrary to Dr. Paff's opinion, is not completely incapacitated.

The objective medical findings of both Dr. Paff and Dr. Lamm are consistent with the law judge's conclusion that, while the plaintiff has some functional limitations that restrict her to a range of light work, she is not totally disabled. The plaintiff has certainly not pointed to any objective medical findings that compel a contrary determination.

The plaintiff also seeks support from the opinion of Tracey Henley, Psy.D., a consulting psychologist. As indicated, Dr. Henley stated that, "[b]ased on [the plaintiff's] multiple physical problems, she would likely have difficulty sustaining in a work environment" (Tr. 169).

The law judge's decision gave Dr. Henley's opinion minimal weight for the following reasons (Tr. 24-25):

> Dr. Henley ... saw claimant only once and did not have a treating relationship. Also, Dr. Henley based her opinion on claimant's physical problems, but Dr. Henley is not a medical doctor.... Dr. Henley did not specify work-related limitations but opined, however, that claimant appears capable of managing her funds independently, which would indicate an ability to sustain at least some mental work-related tasks. Further, Dr. Henley even opined that claimant ... "is likely to exaggerate symptoms," which calls into question the reliability of the information claimant reported to Dr. Henley at that one-time visit and thus the reliability of this opinion which is based on claimant's self-reported symptoms and limitations, not on the objective findings of record.

This explanation reasonably supports the law judge's determination to discount Dr. Henley's opinion to the extent that it is based upon the plaintiff's physical problems. Notably, the law judge went along with Dr. Henley's

opinion that the plaintiff suffers from a somatoform disorder (Tr. 19, 21, 169). Moreover, the law judge assessed mental functional limitations as a result of that disorder (Tr. 21-22). The plaintiff makes no showing that the plaintiff had greater mental functional limitations than those found by the law judge. Under these circumstances, the law judge could reasonably conclude that Dr. Henley's report does not support the plaintiff's claim that she is disabled.

The plaintiff next challenges the law judge's finding that the plaintiff's chronic obstructive pulmonary disease ("COPD") was not a severe impairment (Doc. 16, pp. 11-13). In step two of the sequential analysis, the law judge concluded that the plaintiff had certain severe impairments, but that the plaintiff's COPD is "'non-severe' as defined in the regulations" (Tr. 21).

The plaintiff's contention that the law judge should have found the COPD to be a severe impairment is unpersuasive for two reasons. First, the law judge's decision is in fact supported by substantial evidence. Second, it makes no difference to the outcome of this case whether the law judge properly characterized the plaintiff's COPD as a nonsevere impairment so that any error is harmless.

In conformity with the governing standard, the law judge found that the COPD was not a severe impairment because it "does not more than minimally limit claimant's ability to perform basic work-related activities...." (id.). The law judge explained (Tr. 20-21):

> The medical evidence of record indicates that a one-time examining source, D. Paff, M.D., assessed claimant as having moderate chronic obstructive pulmonary disease (COPD) on September 7, 2005. (Exh. 2F) Dr. Paff reported claimant's mild to moderate COPD based on pulmonary function testing (PFT) on that day. There are no prior or subsequent PFTs. Claimant's chest x-ray on that day showed only mild pulmonary hyperaeration. Claimant's oxygen saturation on room air was within normal limits at 95%. Claimant's lungs were clear on numerous physical exams subsequent to that date throughout the remainder of the period at issue. (Exh. 10 F, pp. 1-9; Exh. 14F, pp. 1, 3-5) The claimant does not receive care for a chronic pulmonary condition and does not take routine medications for such a condition. The claimant continues to smoke about a pack of cigarettes per day without coughing or shortness of breath.

Furthermore, as the Commissioner points out, the plaintiff "gave poor effort" on the pulmonary function testing (Tr. 142, 145). Thus, the results of that testing could reasonably be discounted.

Under these circumstances, the law judge's finding that the plaintiff's COPD was not a severe impairment is supported by substantial evidence. In any event, the evidence does not compel a contrary conclusion.

Moreover, even if the finding were in error, it would not be reversible error, because the law judge found other significant impairments in step two and proceeded through the next steps of the sequential analysis. The Eleventh Circuit has held that "step [two] acts as a filter ... the finding of a severe impairment ... is enough to satisfy the requirement of step two." Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

In order to demonstrate reversible error with respect to the COPD, the plaintiff must show that she had functional limitations from that condition that were not included in the law judge's determination of the plaintiff's residual functional capacity. It is the functional limitations from an impairment, and not the diagnosis of an impairment, that is determinative in an evaluation of disability. See McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

The plaintiff asserts, in this respect, that the law judge should have included "restrictions with regard to allergic breathing problems" (Doc. 16, p. 13). This contention is meritless.

To begin with, the proposed restriction seems disingenuous and anomalous since the plaintiff continues to smoke (Tr. 21). Particularly in light of this circumstance, the proposed restriction is too general and does not specify what the restriction should have been.

In all events, there is no support in the record for such a restriction. Thus, no treating or examining physician has opined that a restriction "with regard to allergic breathing problems" should be imposed. Moreover, the two non-examining reviewing physicians concluded that no environmental limitations had been established (Tr. 195, 235).

In short, the law judge did not err in finding that the plaintiff's COPD was not a severe impairment. However, even if he did, the error would be harmless.

The plaintiff's final argument is that the law judge erred in rejecting the plaintiff's claim of disabling pain (Doc. 16, pp. 13-15). Contrary

to the plaintiff's assertions, the law judge gave proper consideration to the plaintiff's allegation of disabling pain.

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge concludes that there is an objectively determined medical condition which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n. 6 (11th Cir. 1985).

The law judge recognized the need to apply this standard and, in fact, cited Landry (Tr. 22). Upon finding that the plaintiff suffered from the requisite medical condition, the law judge proceeded to address the plaintiff's

complaints of pain to determine the extent to which it limits the plaintiff's ability to do work. He provided an extended explanation for his credibility determination (Tr. 23-24). Indeed, although I typically quote the reasons for the determination, the one in this case is simply too long to do that. In short, the law judge considered objective laboratory findings, objective clinical findings on examinations, treatment modalities, use of over-the-counter medications, activities of daily living, and the plaintiff's appearance at the hearing. This discussion was ample, reasonable and supported by substantial evidence. Consequently, this court is not authorized to overturn it.

Finally, the plaintiff's contention that the law judge engaged in "sit and squirm jurisprudence" is meritless. See Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982). The law judge is not prohibited "from considering the claimant's appearance and demeanor during the hearing," as long as he does "not reject the objective medical evidence and claimant's testimony solely upon his observation during the hearing." Norris v. Heckler, 760 F.2d 1154, 1158 (11th Cir. 1985).

In view of the extended discussion of the other evidence in this case, the law judge's brief mention of the plaintiff's appearance does not

constitute "sit and squirm jurisprudence." Rather, the law judge's observations are relevant to his credibility determination.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 17th day of July, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE